1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10   UNITED STATES OF AMERICA ,         CASE NO. 12CR5228 WQH

11                            Plaintiff,    ORDER
            vs.
12   BRENTON BAHADOR (1),
     JESSIE GONZALEZ (2),
13   ERIC LEITZKE(4),

14                          Defendants.

15   HAYES, Judge:

16        The matter before the Court is the motion to dismiss the indictment filed by

17   Defendant Brenton Bahador (ECF No. 118), joined by Defendant Eric Leitzke (ECF

18   No. 119) and Defendant Jessie Gonzalez (ECF No. 122).

19                          **UNDISPUTED FACTS**

20        The arrests in this case took place on December 4, 2012 after a series of events

21   involving Defendant Bahador and confidential informants which began in November

22   2012.

23        On November 16, 2012, a meeting took place with Defendant Bahador, other co-

24   defendants, a confidential informant (CS1), and an undercover DEA agent posing as a

25   cocaine dealer.  Defendant Bahador was shown several bricks of cocaine at the meeting.

26   At a second meeting, CS1 attempted to arrange for Defendant Bahador to trade cars and

27   money for cocaine.   Prior to a third meeting, CS1 told government agents that

28   Defendant Bahador would pay cash and trade expensive cars for cocaine.  Defendant

Bahador arrived at the meeting in a vehicle but did not bring cash.  Defendant Bahador tried to interest the DEA agent in vehicles he brought to the meeting.  Once the undercover DEA agent reviewed the paperwork for the two vehicles, the undercover DEA agent gave an arrest signal and Defendant Brenton Bahador and co-defendants were arrested without incident.

On an unknown date in late 2012 but prior to the meetings described above, a 2008 Bentley owned by Defendant Bahador had been involved in an accident which caused significant damage to the Bentley.  Defendant Bahador took the Bentley to a dealership, Symbolic Motors, for repairs.

On December 6, 2012, CS1, without the consent or permission of Defendant Bahador, CS1 arranged to have the 2008 Bentley towed from Symbolic Motors. Government agents were not aware of CS1's intent to take the vehicle at any time.  The government agents did not authorize or participate in the alleged theft of the vehicle.

On December 12, 2012, the grand jury for the United States District Court Southern District of California returned an Indictment charging Defendants Brenton Bahador, Eric Leitzke, Jessie Gonzalez, and others with conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Defendants were arraigned and entered pleas of not guilty.

## CONTENTIONS OF THE PARTIES

Defendant Bahador contends that he is entitled to dismissal of the indictment on the grounds that the outrageous conduct of the Government violated his rights to due process under the Fifth Amendment to the United States Constitution.  Defendant Bahador contends that the Government used CS1 to arrest him, and permitted CS1 to take his property by theft. Defendant Bahador contends that the Court should not allow the Government to proceed with this prosecution on the grounds that CS1 manipulated the Government into arresting him and then used his incarceration to steal from him.

The Government asserts that the actions of CS1 were opportunistic and unacceptable but do not rise to the level of grossly shocking government conduct

necessary to support dismissal.  The Government contends that the facts of this case do not amount to conduct so outrageous that due process principles would bar the Government from seeking a conviction.  The Government contends that CS1 was acting without the knowledge and consent of government agents when the informant took the Bentley without permission.  The Government asserts that the alleged vehicle theft by CS1 was not connected to the crimes charged against Defendant Bahador and occurred subsequent to the arrest of Defendant Bahador.  The Government contends that the conduct of CS1 after the completion of the criminal conduct which lead to the arrest of Defendant Bahador does not warrant dismissal of the indictment in this case.

## RULING OF THE COURT

"To support a dismissal of ... [an] indictment on the grounds of outrageous government conduct, ... [the defendant] must prove that the government's conduct was so excessive, flagrant, scandalous, intolerable, and offensive as to violate due process." *United States v. Edmonds*, 103 F.3d 822, 825 (9th Cir. 1996) (internal quotations and citations omitted).  In *United States v. Black*, 733 F.3d 294 (9th Cir. 2013), the Court of Appeals stated:

> Outrageous government conduct occurs when the actions of law enforcement officers or informants are "so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." *United States v. Russell*, 411 U.S. 423, 431–32, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973).  Dismissing an indictment for outrageous government conduct, however, is "limited to extreme cases" in which the defendant can demonstrate that the government's conduct "violates fundamental fairness" and is "so grossly shocking and so outrageous as to violate the universal sense of justice." *Stinson*, 647 F.3d at 1209 (internal quotation marks omitted).  This is an "extremely high standard." *United States v. Garza–Juarez*, 992 F.2d 896, 904 (9th Cir.1993) (quoting *United States v. Smith*, 924 F.2d 889, 897 (9th Cir.1991)) (internal quotation marks omitted).  Indeed, there are only two reported decisions in which federal appellate courts have reversed convictions under this doctrine. *See United States v. Twigg*, 588 F.2d 373 (3d Cir. 1978); *Greene v. United States*, 454 F.2d 783 (9th Cir. 1971). *See also State v. Lively*, 130 Wash.2d 1, 921 P.2d 1035 (1996) (reversing drug conviction under state law, but relying on federal cases in finding outrageous government).

> There is no bright line dictating when law enforcement conduct crosses the line between acceptable and outrageous, so "every case must be resolved on its own particular facts." *United States v. Bogart*, 783 F.2d 1428, 1438 (9th Cir. 1986), *vacated in part on other grounds sub nom. United States*

*v. Wingender*, 790 F.2d 802 (9th Cir. 1986) (order). In assessing the reasonableness of various law enforcement actions and tactics, however, we have set forth ground rules that provide some guidance. For example, it is outrageous for government agents to "engineer[ ] and direct[ ] a criminal enterprise from start to finish," *United States v. Williams*, 547 F.3d 1187, 1199 (9th Cir. 2008) (internal quotation marks omitted), or for the government to use "excessive physical or mental coercion" to convince an individual to commit a crime, *United States v. McClelland*, 72 F.3d 717, 721 (9th Cir. 1995). It is also outrageous for the government to generat[e] ... new crimes merely for the sake of pressing criminal charges. *United States v. Emmert*, 829 F.2d 805, 812 (9th Cir. 1987). It is not outrageous, however, to infiltrate a criminal organization, to approach individuals who are already involved in or contemplating a criminal act, or to provide necessary items to a conspiracy. *See United States v. So*, 755 F.2d 1350, 1353 (9th Cir. 1985). Nor is it outrageous for the government to "use 'artifice and stratagem to ferret out criminal activity.' " *Bogart*, 783 F.2d at 1438 (quoting *Sorrells v. United States*, 287 U.S. 435, 441, 53 S.Ct. 210, 77 L.Ed. 413 (1932)).

733 F.3d at 302.

In *United States v. Mercado*, 110 Fed. Appx. 19 (9th Cir. 2004), the defendant argued that the Government engaged in outrageous conduct by allowing or failing to prevent a paid informant from engaging in "criminal activity, including murder, conspiracy to commit murder, assault, extortion, and drug trafficking." 110 Fed. Appx. at 21-22. The Court of Appeals explained that "[t]here is no evidence in the record that the government knew of ... [the informant's] criminal conduct, much less that it directed or authorized any such criminal activity." *Id.* at 22. The Court of Appeals "conclude[d] that the government's conduct was not the type of excessive, flagrant, scandalous, intolerable and offensive conduct that warrants dismissal of the indictment." *Id.* (internal quotation and citation omitted).

In *United States v. Fernandez*, 388 F.3d 1199, 1238-39 (9th Cir. 2004), an informant's criminal conduct was not attributed to the Government where the Government had knowledge that an informant was discussing a conspiracy to murder a defendant. Based on the informant's cooperation in the investigation, the Court of Appeals concluded that the Government lacked reason to believe the informant intended to commit the act. *Id.* at 1239. The Court explained that "the government was, at worst, negligent in its handling of ... [the informant], but its conduct does not rise to the level required for a finding of a due process violation" regarding aspects of the

1  informant's illegal conduct.  *Id.*  "Due process is not violated unless the [informant's

2  questionable] conduct is attributable to and directed by the government.  Passive

3  tolerance ... of a private informant's questionable conduct is less egregious than the

4  conscious direction of government agents typically present in outrageous conduct

5  challenges."  *United States v. Barrera-Morena*, 951 F.2d 1089, 1092 (9th Cir. 1991)

6  (citation, internal alterations, and quotation marks omitted).

7      Under the particular facts in this record, Defendant does not assert that

8  government agents knew of informant's alleged theft or knew of the informant's alleged

9  intent to effectuate Defendant's arrest in order to commit the theft.  The Court

10 concludes that alleged theft of Defendant's vehicle is not attributable to the Government

11 and does not form the basis for dismissal of this indictment.  *See also United States v.*

12 *Holler*, 411 F.3d 1061, 1065-66 (9th Cir.  2005) (holding an informant's history of

13 misconduct, including the theft of drug money, during the government's investigative

14 operation was not attributable to the government and did not constitute an outrageous

15 conduct as to violate due process.)

16     Even if attributable to the Government, the Court concludes the alleged

17 misconduct in this case by the confidential informant does not rise to the level required

18 to establish outrageous government conduct supporting dismissal of the indictment.  *See*

19 *e.g. United States v. Stenberg*, 803 F.2d 422, 430–31 (9th Cir. 1986) (rejecting

20 outrageous government conduct claim where  U.S. Fish and Wildlife Service lead

21 investigator engaged in the actual killing of protected wildlife during the undercover

22 investigation).  *See also United States v. Simpson*, 813 F.2d 1462, 1470 (9th Cir. 1987)

23 ("It is unrealistic to expect law enforcement officers to ferret out criminals without the

24 help of unsavory characters").  While CS1's conduct in this case may be used to

25 question is credibility at trial, the alleged misconduct does not rise to the level of

26 outrageous government conduct required for dismissal.

27

28

12CR5228WQH

1        IT IS HEREBY ORDERED that the motion to dismiss the indictment filed by

2    Defendant Brenton Bahador (ECF No. 118), joined by Defendant Eric Leitzke (ECF

3    No. 119) and Defendant Jessie Gonzalez (ECF No. 122) is denied.

4    DATED:  April 17, 2014

5

6    **WILLIAM Q. HAYES**
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28